UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Docket no. 1:20-mc-<br><br>**Filed Under Seal – Level II** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, Inc., an Internet service provider, located in Mountain View, California, to disclose certain records and other information pertaining to the email accounts Nubrainship@Gmail.com, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google, Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google, Inc. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

    3.    A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

    4.    The United States is investigating the online sales of illicit pharmaceuticals including the importation and sale of misbranded or unapproved drugs. The investigation concerns possible violations of, inter alia, Title 21, United States Code, Sections 331(a), 331(d), 841(a), 846, 952(b), and 963, and Title 18, United States Code, Sections 371, 545, 1956(a)(2), and 1956(h).

    5.    Agents with the Food and Drug Administration are investigating George Kuiper and his associates who have operated websites New.nubrain.com, Nubrain.com, and Healthclown.com**.** Since 2009, the FDA has conducted controlled purchases of drugs (without required prescriptions or medical consultations) from these associated websites. Most recently, on September 12, 2019, agents accessed Healthclown.com and ordered 120 200mg Modalert tablets for $239.00. No prescription or medical questionnaire was required, and no consultation with a medical practitioner occurred prior to or after placing the order. Shortly after placing the order agents received an email from nubrainorders@yahoo.com confirming the order. On or

about September 20. 2019, they received a package (in the District of New Hampshire) with 12 blister packs each containing 10 individually wrapped Modafinil tablets 200mg for a total of 90 pills, labeled "Modalert 200 Manufactured in India by: sun pharma laboratories ltd." Modalert contains Modafinil which is a a prescription drug and a Schedule IV controlled substance. It is illegal to import the drug without the proper licensing or to provide the drug without a prescription. According to the DEA, Healthclown.com, Kuiper, and Kuiper's associates that have been identified are not registered as importers or distributors of controlled substances and therefore, cannot legally import or distribute controlled substances.

6. In 2017, agents received warrants to search the following email accounts and through a review of the emails determined that Kuiper and his associates had used the accounts to operate the websites discussed above and to illegally distribute or import pills: Nubrainorders@Yahoo.com, Nubrainship@Gmail.com, Nubrainship@Yahoo.com, and Nubrain.shipping@Yahoo.com. Agents seek to determine whether the accounts continue to be used, who uses them, where the accounts are accessed (IP addresses), and when they are used which information will assist law enforcement officers in determining the nature and scope of the criminal activity discussed herein.

REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States

requests that Google, Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

8. The United States further requests that the Order require Google, Inc. not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee, destroy or tamper with evidence, or change patterns of behavior.

                                                        Respectfully submitted,

                                                        SCOTT W. MURRAY

                                                        United States Attorney
                                                        District Of New Hampshire

Dated: January 2, 2020

                                                        /s/ Georgiana L. Konesky
                                                        Georgiana L. Konesky
                                                        Assistant U.S. Attorney
                                                        53 Pleasant St.
                                                        Concord, NH 03301
                                                        Georgiana.Konesky@usdoj.gov